People v Hasan (2018 NY Slip Op 06650)





People v Hasan


2018 NY Slip Op 06650


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


965 KA 17-00763

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HAITHEM HASAN, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered February 7, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, menacing in the second degree and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), menacing in the second degree (§ 120.14 [1]), and harassment in the second degree (§ 240.26 [1]). Defendant failed to preserve for our review his contention that the prosecutor improperly interfered with "a defense witness' free and unhampered choice to testify" (People v Shapiro, 50 NY2d 747, 761 [1980]; see CPL 470.05 [2]; People v Allen, 88 NY2d 831, 833 [1996]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant correctly concedes that his contention that the jury improperly engaged in public deliberation in violation of CPL 310.10 is also unpreserved for our review. That alleged error is not one that falls within the "very narrow category of so-called mode of proceedings' errors" that are reviewable even in the absence of a timely objection (People v Agramonte, 87 NY2d 765, 770 [1996]; see People v Peck, 96 AD3d 1468, 1469 [4th Dept 2012], lv denied 21 NY3d 1008 [2013]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further failed to preserve for our review his contention that the evidence is legally insufficient to support the jury's findings that the victim suffered a serious physical injury as defined by the Penal Law or that defendant intended to inflict such injury (Penal Law §§ 10.00 [10]; 120.10 [1]) and, in any event, that contention is without merit. Additionally, viewing the evidence in light of the elements of assault in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that he was denied effective assistance of counsel. Defendant failed to establish "the absence of strategic or other legitimate explanations" for counsel's decision to consent to an instruction that the jury should not draw an unfavorable inference from the fact that defendant was in custody (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Kurkowski, 117 AD3d 1442, 1443-1444 [4th Dept 2014]). With respect to defendant's additional allegations regarding counsel's performance, an attorney's "failure to make a motion or argument that has little or no chance of success' " does not amount to ineffective assistance (People v Caban, 5 NY3d 143, 152 [2005]). Finally, the sentence is not unduly harsh or severe.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court